E-FILED
AUG - 2 2018
Document #

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONSTAR HECM ACQUISITION TRUST 2017-2, WILMINGTON SAVINGS FUND SOCIETY, FSB,<br><br>    Plaintiff,<br><br>v.<br><br>LAWRENCE D. VITO, et al.,<br><br>    Defendants. | Case No. CV 18-06240-PSG (RAOx)<br><br>ORDER REMANDING ACTION AND DENYING REQUEST TO PROCEED WITHOUT PREPAYING FEES OR COSTS |

## I.

## FACTUAL BACKGROUND

Plaintiff Nationstar Hecm Acquisition Trust 2017-2, Wilmington Savings Fund Society, FSB ("Plaintiff") filed an unlawful detainer action in Los Angeles County Superior Court against Defendants Lawrence D. Vito and Does 1 to 20 ("Defendants"), on or about April 12, 2018. Notice of Removal ("Removal") and Attached Complaint ("Compl."), Dkt. No. 1. Defendants are allegedly occupants of real property located in Claremont, California ("the property"). Compl. ¶¶ 5, 7. Plaintiff is the owner of the property. *Id.* ¶¶ 7-8. Plaintiff filed the unlawful detainer action seeking restitution of the property and monetary damages. *Id.* at 3.

Defendant Vito filed a Notice of Removal on July 19, 2018, invoking the Court's federal question jurisdiction. Removal at 2-3. Defendant Vito also filed a Request to Proceed Without Prepaying Fees or Costs. Dkt. No. 3.

## II.
## DISCUSSION

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). It is this Court's duty always to examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Further, a "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Defendant Vito asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441. Removal at 2-3. Section 1441 provides, in relevant part, that a defendant may remove to federal court a civil action in state court of which the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). Section 1331 provides that federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See id.* § 1331.

///

| 1  | Here, the Court's review of the Notice of Removal and attached Complaint
| 2  | makes clear that this Court does not have federal question jurisdiction over the
| 3  | instant matter under 28 U.S.C. § 1331. First, there is no federal question apparent
| 4  | from the face of the Complaint, which appears to allege only a simple unlawful
| 5  | detainer cause of action. *See Wescom Credit Union v. Dudley*, No. CV 10-8203
| 6  | GAF (SSx), 2010 WL 4916578, at *2 (C. D. Cal. Nov. 22, 2010) ("An unlawful
| 7  | detainer action does not arise under federal law.") (citation omitted); *IndyMac
| 8  | Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337-PA (DTBx), 2010 WL
| 9  | 234828, at *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack
| 10 | of subject matter jurisdiction where plaintiff's complaint contained only an
| 11 | unlawful detainer claim).
| 12 | Additionally, to the extent Defendant Vito attempts to base federal question
| 13 | jurisdiction on defenses to the unlawful detainer action, a defense cannot provide a
| 14 | basis for federal question jurisdiction. *See Caterpillar Inc. v. Williams*, 482 U.S.
| 15 | 386, 393, 107 S. Ct. 2425, 2430, 96 L. Ed. 318 (1987) ("[I]t is now settled law that
| 16 | a case may *not* be removed to federal court on the basis of a federal defense . . .
| 17 | even if the defense is anticipated in the plaintiff's complaint, and even if both
| 18 | parties concede that the federal defense is the only question truly at issue."). Thus,
| 19 | to the extent Defendant Vito's defenses to the unlawful detainer action are based on
| 20 | alleged violations of federal law, those defenses do not provide a basis for federal
| 21 | question jurisdiction. *See id.* Because Plaintiff's complaint does not present a
| 22 | federal question, either on its face or as artfully pled, the Court lacks jurisdiction
| 23 | under 28 U.S.C. § 1331.
| 24 | / / /
| 25 | / / /
| 26 | / / /
| 27 |
| 28 |

## III.
## CONCLUSION

Accordingly, IT IS ORDERED that this case is REMANDED to the Superior Court of California, County of Los Angeles, forthwith.

IT IS FURTHER ORDERED that Defendant's Request to Proceed Without Prepaying Fees or Costs is DENIED as moot.

IT IS SO ORDERED.

DATED: 8/2/18

PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

Presented by:

ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE